1824.

BARRY
v.
BARRY.

---

## MITCHELL v. TIGHE.

Bill for an annual payment of $35, being the interest on a mortgage for $500, not yet payable. Demurrer allowed; the sum being below that of which the court will hold jurisdiction; and though, by the statute, the court may order the whole to be paid, yet it is not bound to do so, nor can it appear in this stage of the proceedings, whether it would so order.

THE bill was for a foreclosure, &c. on a mortgage for $500 with annual interest, at 7 per cent.   One year's interest, viz. $35, had now become due, but no part of the principal was yet payable.   To this bill the defendant demurred generally, on the ground that the court will not hold jurisdiction of so small a demand, it being beneath its dignity.

1824.
April 1.

Jurisdiction.

Mr. WARNER for the demurrer, distinguished this case from that of Vredenberg v. Johnson, ante, p. 112., in two particulars : 1. That was a case of fraud : 2. The justice had equity powers.

There are two considerations which should induce the court not to take cognizance of so small demand ; the dignity of the court, and the oppressiveness to the citizen.   Here a sale of lands will be ordered for $35, and when that is paid, the course is to go before the master for a further report, and to the court for a further sale.   Brinckerhoff v. Thallhimer, 2 John. ch. 486.   This is like an annuity ; and the English court of chancery will not hold plea in such case, if the amount is less than £10 sterling.

Mr. SILLIMAN, for the complainant, insisted that the sum demanded, and for which the complainant was entitled to a

decree, was the whole principal of $500, together with in-
terest. That the penalty of the bond, and the land mortga-
ged, being forfeited at law, the defendant is the party asking
the favour of the court; and that the court will not relieve
him in such a manner as to occasion a loss of any portion of
the debt due to the complainant. That the demurrer admits
the security to be scanty, and the defendant in possession.
There was much reason therefore to apprehend, that any de-
lay on the part of the complainant would be attended with loss.
To show that the complainant was entitled to a decree for both.
principal and interest, he cited the late statute; 36 sess. ch.
95.; 1 Rev. Laws, 490.; and it was urged, that the 12th sect.
indicated the course which the legislature intended that the
court should generally pursue in such cases, and that it was in
some degree directory. That at least, the complainant was
entitled to a decree for something more than interest; and that,
as in 2 Johns. ch. 486., a decree should be entered, which
should prevent the necessity of another suit, and entitle the
complainant presently to the interest now due, and to the
principal and residue of the interest, at the expiration of the
time for which the money was loaned. That this case differs
from that of an annuity, inasmuch as by the agreement of the
parties, the principal sum is to be paid in addition to the an-
nual payment of interest. It was further urged for the com-
plainant, that it was unnecessary and improper for this court
to adopt any such rule as that insisted on by the demurrer.
That such a rule prevails in no other court in this state; that
the supreme court, and court of errors have no such rule,
and are bound to decide the smallest causes; that the pun-
ishment of costs is sufficient to prevent frivolous suits; and
that this court may apply that punishment as effectually as
the statutes apply it to frivolous suits at law. That the adop-
tion of the rule operates as a judicial encouragement and
premium for dishonesty, and proclaims to the community
that none need pay an equitable demand of less than $35 in
amount. That it violates a maxim, that for every wrong the
law furnishes a remedy. That if the court should fix on any
sum below which it would not condescend to take cognizance,
it should be a smaller sum than £10 sterling, or even $35,

inasmuch as the expenses of a chancery suit here, are much inferior to the expenses of a like suit in England, and the true principle of refusing to take cognizance in matters of small amount, is, that the expense of obtaining justice so far exceeds the matter in demand, as to make it obvious that the complainant's object is purely vexatious.

THE COURT. This case brings up again a question which was very recently considered; " What is the limit of " the jurisdiction of this court, in respect to small demands ?" And in deciding it, I shall only advert to those particulars in which this case differs from Vredenberg v. Johnson.

In addition to what was there said, I will observe, that not only have we no guide upon this question, in the constitution or statute law ; but, that under the colonial government, they were equally without any express enactments.

This court with its powers, was formed upon the model of the English court of chancery, and was adopted by the state constitution, as it then stood. It is of necessity, that we look to the English chancery for rules to determine the extent of the jurisdiction of our own court. If there were any express adjudication here, I would conform to it ; but the late chancellor KENT doubted as to the adoption of $50, as the rule, and expressly reserved the point.

In England there are three exceptions to the general limitation of £10 sterling, viz. : 1. Cases of fraud : 2. Bills to establish a right : 3. Cases of great complication and difficulty. The two first of these are sufficiently definite ; the last is very indeterminate.

The case now in judgment falls within neither of the exceptions, but it is a question, " What is the real sum in de- " mand ?"

By the statute, the court may order a sale for the amount of the instalments not yet payable, but is not bound to do so. The case then is one which does not necessarily require the court to decide upon an amount exceeding $35 ; and whether a decree would be made for the payment of any greater amount, before the time fixed by the parties, depends upon facts which cannot be known in this stage of the suit. It

**1824.** does not therefore appear, in the first instance, to be a suit for more than $35, and I am not to presume that it is for more. The demurrer must therefore be allowed.